## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:17-CR-0205 |
| JONATHAN JACOME, | (MARIANI, J.) |
| Defendant | (MEHALCHICK, M.J.) |

## MEMORANDUM

This matter comes before the Court on Defendant's Motion for Presentence Release. (Doc. 164). Defendant, Jonathan Jacome, moves this Court for release from custody pending sentencing due to the current COVID-19 pandemic. The Government opposes this motion. (Doc. 166).

## I.    BACKGROUND AND PROCEDURAL HISTORY

Jacome was initially charged by Indictment on July 11, 2017 (Doc.1), and then by Superseding Indictment on August 8, 2017 (Doc. 13), and by Second Superseding Indictment on September 11, 2018. (Doc. 82). The Second Superseding Indictment charged Jacome and his co-defendants with 35 felony counts, including conspiracy to defraud the government, false claims, theft of public money, aggravated identity theft, conspiracy to commit wire fraud, money laundering conspiracy, money laundering, conspiracy to obstruct justice, and obstruction of justice. (Doc. 82). Following his arraignment on these charges, Jacome was released subject to pretrial services supervision.

On July 11, 2019, Jacome entered a guilty plea to Count 30 of the Second Superseding Indictment, a charge of money laundering conspiracy in violation of 18 U.S.C. § 1956(h). At that hearing, the Government sought detention pending sentencing, due to a number of

violations of the conditions of supervision, including a new arrest by local law enforcement. The Court ordered Jacome detained pending further proceedings. (Doc. 123; Doc. 128).

Counsel for the Government filed a Notice with the Court on April 7, 2020, indicating that there was no resolution of the motion, and further indicating that the Government did not believe a hearing was necessary to decide the motion. (Doc. 165).

## II.  DISCUSSION

### A.  THE COVID-19 PANDEMIC

On March 11, 2020, the World Health Organization declared the novel coronavirus known as COVID-19 a pandemic.[1] The COVID-19 outbreak caused the President of the United States to declare a national emergency and the Governor of the Commonwealth of Pennsylvania to declare a state of emergency.[2] As of the date of this writing, there are 3,917,366 confirmed cases worldwide and 274,361 deaths; in the United States, there are 1,245,775 confirmed cases and 75,364 deaths.[3] Mindful of the incredible magnitude of this

---

[1] *See* Tedros Adhanom Ghebreyesus, Director-General, World Health Organization, Opening Remarks at the Media Briefing on COVID-19 (March 11, 2020) (transcript available at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020).

[2] *See* President Donald J. Trump's Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak (March 13, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/; Governor Tom Wolf's Proclamation of Disaster Emergency (March 6, 2020), *available at* https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf.

[3] *See* Coronavirus Disease (COVID-19) Situation Dashboard, World Health Organization, https://who.sprinklr.com/ (last visited May 10, 2020).

situation, and the extreme health risks associated with COVID-19, the Court will address the motion for pretrial release.

      B.    Conditions at Lackawanna County Prison

Included in the Government's brief in opposition (Doc. 166) to Jacome's motion for release are the preventative actions taken by Lackawanna County Prison in response to the COVID-19 pandemic. Specifically, the prison implemented an action plan designed to mitigate the potential for spread of COVID-19 inside its facility, and for the protection of inmates and staff, including suspending contact visits, regular visitation, and visitation from volunteers, including religious leaders; implementing aggressive sanitation programs; suspending all programs that utilize "outside" employees; limiting individuals past reception to prison and medical staff; limiting attorney visits with inmates to meetings through the glass of a lawyer visitation room; cancelling all conferences and out-of-county trainings; planning for weekly contact with officials from the Pennsylvania Department of Corrections; and posting educational flyers in the blocks and in the reception area. (Doc. 166, at 35-64).

As of April 2, 2020, one correctional officer at the Lackawanna County Prison tested positive for the virus. The Government submits that, according to the U.S. Marshals Service, the officer who tested positive did not have any close contact with Marshal Service Personnel, and that it is unlikely, though possible, that the officer who tested positive had close contact with federal inmates at the prison. The inmates have been advised of the situation and are currently on lockdown. The prison continues to admit prisoners during the lockdown. Inmates are permitted out of their cells for showers, phone calls, attorney visits (through glass windows), and video teleconferencing for court proceedings. Additionally, all employees and

other individuals (including counsel for inmates) be screened for fevers, and if necessary, other symptoms, upon entering the prison.

    C.   Release Pending Sentencing Pursuant to 18 U.S.C. § 3143(a)

Jacome does not specify any particular statutory basis for his release. Having entered a guilty plea, however, his detention is governed by 18 U.S.C. § 3143. *United States v. Hartsell*, 3:19-CR-14(02), 2020 WL 1482175, at *1 (N.D. Ind. Mar. 25, 2020); *United States v. Felix*, 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020) (release pending sentencing is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions); *United States v. Rollins*, 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at n.1 (W.D.N.Y. Mar. 27, 2020) (§ 3142(i) does not apply to individuals seeking release pending sentencing due to COVID-19).

The Bail Reform Act provides that an individual who has been convicted and awaiting the imposition or execution of sentence must be detained unless there is a finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *United States v. Roeder*, 20-1682, 2020 WL 1545872, at *2 (3d Cir. Apr. 1, 2020).[4] Jacome bears the burden of

---

[4] If a defendant is convicted of an offense under § 3142(f)(1)(A), (B), or (C), detention pending sentencing is mandatory under 18 U.S.C. § 3143(a)(2), unless (1) there is "a substantial likelihood that a motion for acquittal or new trial will be granted" or "the Government has recommended that no sentence of imprisonment be imposed" and (2) the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." However, if a defendant is detained pursuant to § 3143(a)(2), then he may seek release if there are exceptional reasons why his detention would not be appropriate." 18 U.S.C. § 3145(c). Jacome is not convicted of an offense listed

establishing by clear and convincing evidence that he will not flee or pose a danger to any

other person or to the community.[5] Fed. R. Crim. P. 32.1(a)(6).

Jacome generally submits that he should be released due to his risk of exposure to

COVID-19 while incarcerated at Lackawanna County Prison. That risk is not enough to

change the previous findings of this Court that Jacome should be detained pending sentencing.

"As serious as it is, the outbreak of COVID-19 simply does not override the statutory

detention provisions…. In the absence of evidence demonstrating a change in circumstances

concerning [the defendant's] status as a flight risk and danger to another person or the

community, detention pending sentence must be maintained." *United States v. Rollins*, 2020

WL 1482323, *2 (W.D.N.Y. March 27, 2020). Nothing about the COVID-19 pandemic

reduces the defendant's danger to others. *United States v. Johnson*, 4:17-CR-256-2, 2020 WL

1939588, at *6 (M.D. Pa. Apr. 22, 2020). The Court of Appeals for the Third Circuit recently

noted "… the mere existence of COVID-19 in society and the possibility that it may spread

to a particular prison alone cannot independently justify compassionate release." *United States*

*v. Raia*, 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). In considering a motion to

---

in 18 U.S.C. § 3142(f)(1)(A), (B), or (C); as such he cannot seek release for "exceptional
reasons" under § 3145(c).

[5] When considering a renewed request for release pursuant to § 3143(a)(1), the factors
that the court uses to determine "whether there are conditions of release that will reasonably
assure the appearance of the person as required and the safety of any other person and the
community" are those provided in § 3142(g). *See United States v. Wiggins*, 19-CR-258 (KBJ),
2020 WL 1868891, at *5 (D.D.C. Apr. 10, 2020); *United States v. Hawkins*, CR 2:10-00458
WBS, 2013 WL 1500376, at *1 (E.D. Cal. Apr. 10, 2013); *United States v. Tann*, No. 04-cr-
392, 2006 WL 1313334, at *4 (D.D.C. May 12, 2006).

continue a self-surrender date in light of the COVID-19 pandemic, the Third Circuit noted that "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence," and stating that it is "imperative" that the courts "continue to carefully and impartially apply the proper legal standards that govern each individual's particular request for relief. *Roeder*, 20-1682, 2020 WL 1545872, at *3.

Nothing presented in Jacome's motion changes any finding that his release poses a danger to the community or a risk of flight, or otherwise alters the Court's finding that he should be detained pending sentencing. Jacome's assertions of risk are speculative, and there is nothing in the record before the Court that reflects that the prison is not taking steps to mitigate his risk for infection. A defendant should not be entitled to release based solely on generalized COVID-19 fears and speculation. *See United States v. Boatwright*, 2020 WL 1639855, at *8 (D. Nev. Apr. 2, 2020) (denying motion for temporary release pursuant to § 3142(i)); *see also Raia*, 2020 WL 1647922, at *2. Jacome has not presented any additional evidence which changes the Court's evaluation of his likelihood to flee or pose a danger to the safety of the community, particularly in light of this Court's previous consideration of his criminal history, his failure to abide by conditions of release and orders of the Court, and his commission of new crimes while on release. *See United States v. Taura*, CR 2019-34, 2020 WL 1672520, at *1 (D.V.I. Apr. 3, 2020) (denying motion for release pending sentencing).

III.   **CONCLUSION**

While the Court is sympathetic to the concerns regarding the spread of COVID-19, and recognizes the potential for Jacome's exposure to the virus while at Lackawanna County Prison, that potential exists anywhere in the community. Lackawanna County Prison has

taken steps to minimize infection. The Court is not persuaded that Jacome should be released pending sentencing. As such, his motion (Doc. 164) is **DENIED**.

  An appropriate Order will follow.

**Dated: May 11, 2020**       *s/ Karoline Mehalchick*

                **KAROLINE MEHALCHICK**
                **United States Magistrate Judge**